Snyder v. Gordon.

---

W. P. SNYDER, Respondent, v. T. P. GORDON, Appellant.

**Kansas City Court of Appeals, December 17, 1900.**

1. **Trial Practice: EVIDENCE OF CONTRACT: JURY QUESTION.** The evidence is examined and while somewhat conflicting is found sufficient to send to the jury the question whether there was a contract binding the defendant to sell plaintiff's wheat at a certain price.

2. **Appellate and Trial Practice:** CONFLICTING EVIDENCE: IN-STRUCTIONS. Where the evidence as to the time of shipping certain wheat was conflicting and the question was submitted on proper instructions, the finding of the jury is conclusive upon the appellate court.

Appeal from the Buchanan Circuit Court.—*Hon. W. K. James*, Judge.

AFFIRMED.

*Luke H. Moss* for appellant.

(1) Plaintiff seeks a recovery of $1.25 per bushel, less one cent per bushel, etc., on the claim that defendant agreed originally that he would sell for that price when plaintiff testifies that he urged sales at $1.15 and $1.20 per bushel. Plaintiff when asked, "Did Gordon by any agreement, verbal or otherwise, agree to sell this wheat for you at $1.25 per bushel?" answered; "Not that I remember of." Plaintiff offered no testimony, except his own, as to his contract with Gordon, and this being a failure of proof and not a variance the demurrer to the evidence should have been sustained. Link v. Vaughn, 17 Mo. 585; Butcher v. Death, 15 Mo. 271; Beck v. Ferrara, 19 Mo. 30. (2) But if it be said that defendant admitted some indebtedness growing out of the sale of this wheat, under his answer then we answer that plaintiff's reply denies each and every allegation of new matter in the answer and therefore he can not recover on this theory. He must know his cause of action and recover on the one pleaded. Bank v. Umrath, 42 Mo. App. 525; Perry v. Barrett, 18 Mo. 140. (3) Suit on an open account is not sustained by proof of an account stated, and an instruction on the latter theory is reversible error. Macke v. Davis, 61 Mo. App. 524. (4) Plain-

tiff's petition says defendant agreed to sell the wheat on commission at $1.25 per bushel, one cent off for every pound below 57 pounds per bushel, etc., but his first instruction leaves out of consideration entirely the indispensible part of the alleged contract that "he agreed to sell for $1.25 per bushel." Instructions calculated to mislead the jury by withdrawing from their inquiry material facts are improper and furnish good ground for reversing the judgment.

*Duncan & Utz* for respondent.

(1) The evidence supports the petition in all particulars. All of the authorities cited by appellant under this head are irrelevant because, there is no such issue in this case. No variance between allegations of petition and proof. (2) Appellant's second objection is not well taken, for the reason that respondent's first instruction correctly set out the contract.

SMITH, P. J.—This is an action on a contract relating to the sale of three car loads of wheat.

It is alleged in the petition that the plaintiff agreed to furnish the defendant, a commission merchant, three cars of wheat to be sold on commission at one dollar and twenty-five cents per bushel, one cent off for every pound below fifty-seven pounds per bushel, to test on the basis of St. Joseph, and the plaintiff to ship when notified that it was sold according to agreement; that defendant notified the plaintiff that said sale had been made and that the shipment was thereafter made accordingly, etc. The only question raised by the defendant's appeal relates to the action of the court in giving and refusing instructions.

The defendant objects that the first instruction given

by the court for plaintiff which submitted the case to the jury on the contract theory alleged in the petition is erroneous because there was no evidence adduced to support it. But this objection, we think, can not be sustained. The plaintiff testified that there was such contract entered into and that the wheat was shipped in accordance therewith. It is true that the plaintiff in answer to a question propounded to him by defendant's counsel on cross-examination appears to have stated that he did not remember that defendant by any agreement agreed to sell the wheat at one dollar and twenty-five cents per bushel, thus seemingly contradicting his previous testimony in relation to the contract. But this matter is cleared up by a letter written by the defendant to the plaintiff on May 9, 1898, in which he states that he had sold the three cars of wheat at one dollar and twenty-five cents per bushel, and that it would net plaintiff over one dollar and twenty cents per bushel. And on the next day, May 10, the defendant again wrote the plaintiff that he had sold the wheat and that his contract was out and unless plaintiff shipped it on the contract he would proceed to buy it to fill his contract and charge plaintiff up with the difference. So that while it appears that the testimony is somewhat variant as respects the allegation of the contract for the sale of the wheat, we think it was quite ample to authorize the submission of the case to the jury on the contract theory asserted by the plaintiff's instruction.

We have examined the several objections urged by the defendant to the plaintiff's instructions but none of them seem to us to be well founded. There was a conflict in the testimony as to when the plaintiff was to ship the wheat. This issue with the others was fairly submitted to the jury by the instructions and the finding thereon is conclusive on us. The answer admitted that the defendant was indebted

to plaintiff on account of the shipment of the wheat by plaintiff in the sum of one hundred and one dollars and seventy cents, so that the amount in difference is really less than fifty dollars. We think the judgment is for the right party and it will accordingly be affirmed. All concur.